### THE J. L. LUCKENBACH.

(District Court, N. D. California, First Division. November 6, 1913.)

#### No. 15,063.

SHIPPING (§ 141*)—DAMAGE TO CARGO—LIABILITY OF VESSEL.

Under a bill of lading which exempts the vessel from liability for internal or other breakage or rust of metals, she cannot be held liable for damages to articles of hardware from breakage or rust, without proof that it resulted from negligence of the carrier.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 493, 497–499; Dec. Dig. § 141.*]

In Admiralty. Suit by the Pacific Hardware & Steel Company against the steamship J. L. Luckenbach. Decree for respondent.

Charles A. Strong, of San Francisco, Cal., for libelant.

McCutchen, Olney & Willard, of San Francisco, Cal., for claimant.

DOOLING, J. Libelant sues to recover $1,283.02, with interest from the date of the filing of the libel for damages alleged to have been suffered by certain merchandise shipped from New York on the steamship J. L. Luckenbach in good condition and delivered at San Francisco in a damaged condition. The receipt of the merchandise in a good condition and its delivery in a damaged condition are admitted by claimant, but exemption from liability is claimed by reason of the following provision in the bill of lading:

"The ship shall not be accountable for leakage, internal or other breakage, rust of metals, chafing of unpacked merchandise, or splits in lumber."

The proofs on the part of libelant show that some of the merchandise, consisting of various articles of hardware, were received in a badly damaged condition; the damage to some of the articles having been occasioned by breakage and to others by rust. The manner in which the articles were broken is not shown, and the only evidence as to the rust is that it was caused by water. All of the damage shown, having been occasioned by breakage or rust, comes within the exemption in the bill of lading, and libelant cannot recover therefor, without proof that the breakage and rust were due to the negligence of claim-

ant or his agents. Once it is shown that the damage arose from one of the excepted causes, whether this proof is made by libelant or by claimant, the burden is then upon the shipper to establish that the negligence of the carrier takes the case out of the exception. No such proof was presented here; the libelant being content to rest upon proof of breakage and rust from water. Neither of these shows any negligence on the part of the carrier.

The ship cannot be held accountable for "internal or other breakage or rust of metals." This is the covenant, and it is broad enough to include, not only rust occasioned by dampness of the atmosphere, but rust occasioned by water as well.

The damage to the goods falling wholly within the terms of the exception, and there being no proof of negligence on the part of the carrier, the libel must be dismissed; and it is so ordered.